May it please the Court, my name is Tom Steenson. I represent the appellants in this case. I was looking at the placard in the museum and I noted that Judge Browning was in agreement that being simple and short is good. I will try to do that. I would like to reserve a few minutes at the end. The word fish won't work, but I would suggest that the two words that will work for this case is progressional intent. I guess what this appeal is about. And, in fact, in this case it's really about the lack of progressional intent to demonstrate that the rebuttable presumption that this statute of limitation, an issue in this case, is anything but a claims processing rule as opposed to being jurisdictional. As the Court knows. Just because it's a claim processing rule doesn't mean that it doesn't have to be strictly enforced. Even if we regard this as a part of whether we regard it as an exhaustion of remedies requirement or whether we regard it as part of the waiver of sovereign immunity, it may nevertheless have to be enforced strictly, even if it's not jurisdictional. So how do you address that? Well, if the question is should there be equitable estoppel even if it's not jurisdictional, I think Irwin, to begin with, answers that question. When that Court ruled in 1993 that it was going to extend for the first time the right of parties to use equitably against the government.   So how do you reconcile the two? How do you reconcile Irwin with J.R. Sands? I think both J.R. Sands and, frankly, the Bowles case are anomalies in the sense that they involve situations where there had been a long line of Supreme Court precedent not allowing equitable tolling. And those, I think, are the exceptions to the notion that there isn't such a presumption. And the Supreme Court in both Sibeli. Can I back up for a minute? Sure. Is it clear that they – I mean, what happened here is at least extremely atypical in terms of equitable tolling. Is it clear that there isn't some other way to solve this problem other than equitable tolling? In other words, what happened was there was a motion made to amend the complaint as of the correct date, and it wasn't acted upon by the district court. Now, is it clear that the relevant date is the date that the complaint, the amended complaint was actually filed as opposed to the date that there was a request for that to be filed? We advanced at the panel level, three-judge panel level, the argument that there   Is it clear that there is no other way to go about applying, using the relevant date? I'm not even suggesting a relation back. I'm suggesting that what is the relevant date under the statute? What the statute says is that the tort claim has to be – the action has to be begun within 6 months. Now, do we know that the action isn't – the action, it wasn't actually begun. And the question was if you have an amended complaint or a motion to file an amended complaint, is it not possible to say that that was begun as of the date that it was meant to amend it, and the relation back at least is to that? I would love the Court to adopt that. I don't have any authority that says that. Was there any authority to the contrary? Sorry? Is there any – I mean, where do we get the notion that the relevant date is the date of the amended complaint? Where would that come from? Only, I guess, in the sense that that would be when the action was commenced against this particular defendant, the United States, under the FTCA, because technically it was not filed until then. Because if we adopted your view, your broader view, there would be all manner of equitable – of tolling that might come in, and that might seem less like it was within the contemplation of Congress. But the question is whether this was in the contemplation of Congress. That seems like a much narrower question. It would avoid having to address the conflict between Marley and Alvarez-Machain and avoid having to resolve the question of whether it's jurisdictional in this case. Having said that, I think that Sebelius and Henderson are important cases because they both talk about Bowles. They don't talk really much about John R. Sands, but they really distinguish Bowles, and I think John R. Sands in the same sense, because those cases involve this long line of Supreme Court precedent. And there is no such line of cases regarding whether or not the statute of limitations for purposes of the FTCA is jurisdictional or not. There simply are no cases on that. Just to follow up on Judge Berzon's question, it usually doesn't matter when you move to amend a complaint. It doesn't matter whether it's the date you filed the motion or the date you actually get to amend. In most cases, it just doesn't matter. But I think what Judge Berzon is getting at is you could have asked for a non-Protonco order. Maybe you should have, or maybe it's implicit. But that would say I want to amend my complaint, I want to amend the complaint as of today, as of the day you filed the motion, right? And that certainly wouldn't be the power of the district court to do. Quite frankly, the thought didn't cross my mind. I'm sorry. You did say I want to amend it as of the date after. You had an as-of date in there, didn't you? We were very specific about what we intended to do in the motion we filed to amend with, and that was filed before, about 6, 8 days before the first possible date we could have filed an amended complaint. And we specifically said we don't want commission to file until after the law allows us to file. We want to amend it as of a certain date. Right. And that would have been the first day, technically, of the 6-month period. I'm sorry. Your request was for a specific date? No. It was for a date no sooner than the first available date, assuming we had to exhaust. So the first day after the 6-month exhaustion period had lapsed. So we specifically said we want it sometime after that. We were specific on a date. We just said we can't file before then because of exhaustion. And we attached a copy of the amended complaint so the government was clearly on notice. The government was already in the case as a defendant on the brief proclaim and on a declaratory judgment action. So this isn't a case of bringing in a new defendant and dealing with the elapse of the statute in that sense. So every equity I can think of suggests that, for reasons that I'm not familiar with, the government opposed your motion to amend on similar grounds to their opposing it now. And you didn't ask for the amendment to be dated as of the hearing. You knew what position they were going to take in the trial court, and you didn't change your position at all. Actually, I think their date, their position at that point was it was too early to file. I think that was really their argument. Well, it was too early to file because of relation back. I'm sorry? If you related back to the date of the filing of the original complaint, it was too early to file. But they told you that in their opposition to your motion to amend. Yes, I think they did, yes. And it just didn't make sense to me. Is your motion an excerpt? I don't have the cite. I can provide the cite later. I don't have it. Some of this. I'm just asking the question, is it in the excerpts? It's either in the excerpts or it's part of the findings and recommendations, and I excerpted it from that. Okay. I'll look for it. Go ahead. I didn't want to go find the date. Some of this question seems to suggest that a judge can designate the day when a complaint is effectively filed. Do you know of any authority to support that supposition? I don't. I know the government will take issue with that. I don't have any authority for that. First of all, don't the Federal rules define when an action is commenced? Yes. And that's by the filing of a complaint? Yes. In other words, you're not taking the position that lawyers or judges can manipulate when a complaint is filed, are you? Or are you? I hadn't even thought about the non-croton. That's where that's coming from. I wasn't thinking about it. I still haven't really thought it through. I'm not sure there's any authority to do that. Could you have filed a new complaint once it became clear that the district court wasn't going to rule in time, I guess? Yes. But you didn't? We did not. We felt that we were exercising diligence. We had filed a timely motion. We had asked for it to be acted on. We've served the complaint as a copy of the proposed amended complaint with the motion. And at that time, Alvarez-McChain had been decided in 1997, allowed for equitable tolling. So our assumption was if this was going to put us in a tough spot, it was no fault of our own. It was the fault of the ñ not in a disrespectful way. It was the fault of the magistrate and view system required before the Article III judge acts and before we had permission to file the amended complaint. Well, the district, you requested or your client requested that leave to amend. That was the file on FTCA claim, a tort claim. Yes. That was on file at November. Yes. And then the district court didn't really have a magistrate judge in there and everything else. So seven months and 25 days later, the magistrate judge granted leave to amend. And now the other critical date was December the 3rd, 2001. But that's when your administrative claim was denied. But you were delayed that seven months and 25 days because the magistrate judge and the district court took all that time to consider your motion for leave to amend. Is that right? Yes. So when you figure in that seven months and 25 days, then where does it take you? It would take you within the period. It takes us beyond the six months. December 3rd. Beyond the six months. Six months from where? Well, I believe December 3rd, if the government agrees, is the operative start date for the six-month period in which to file, because that's when the final denial came through. You take that six months out, you get to June 3rd of 2002. The judge's, the district court judge's order is June, I think it's June 25th, roughly 22 days after the period had lapsed. I just want to be sure. My understanding is that you concede that the FTCA claim was filed after the six-month period, right? Yes. Okay. Absent some argument, which I don't have authority for, that you could construe the filing of the motion with the proposed amended complaint as instituting the action, and I don't have any authority for that proposition. But the reality is unless we agree with your position and you get equitable tolling, at least the FTCA claim is gone, right? Yes. Okay. Which is the remaining claim in the case. Right. Well, but if you had tolling for 7 months and 25 days, doesn't that save you? Absolutely. That's why I think the issue, unless you go to Relationback or some other form of an application. How would the Relationback argument work? Well, the United States was named. We were defendant since May of 2001. And it would relate you back to where? Relationback to the complaint that had already been named. And it's the same. Which is too early. May the 18th? May the 18th of 2001 is when the complaint was filed. Which is too early for you? It's too early. You're reaching back too far. In that sense, yes. That's the government's argument, that you can't relate back to them because it's too early. I understand. What's your answer to that? I think it doesn't make sense to me. I don't know why it still doesn't relate back to the same common nucleus of facts. You have the same defendant in the case. Why doesn't it relate back? I don't understand why it doesn't. Well, you weren't filing an FTC tort claim then, were you, back in May the 18th? No, no. So you asked for leave to file a tort claim. You asked for that in November of 2001. Huh? Yes. And you weren't granted permission to file that until you filed the – well, until June – you weren't able to file that until June the 25th, 2002. In fact, in other words, after the district judge signed off. Yes. You didn't have a magistrate report, so then you have 7 months, 45 days. You don't agree with that? I don't know the exact number of days, but that's the time frame, yes. I do agree with that. Okay. Why do you have to relate back to the original complaint? Why do you have to do that? Because you weren't asking for relief, for tort relief under the Federal Tort Claims Act. We were not. We were asking for damages against the government under the Religious Freedom Restoration Act, however. And they were named under the Peritone Judgment Act. Do you wish to save the remainder of your time for rebuttal? I'm sorry? Do you wish to save the remainder of your time for rebuttal? Yes, I will. Okay. We'll hear from the government. May it please the Court. I'm Anne Murphy, and I'm representing the government. Judge Berzon, I think you're absolutely correct that this is a very atypical equitable tolling case. And I think the case that really answers the questions about why the claim is not timely is the Supreme Court's decision in McNeill, which clearly holds that lodging a complaint along with a request to the district court to consider it an FTCA timely complaint once exhaustion is complete is not enough. What's filed under McNeill before exhaustion is basically a nullity and doesn't count for anything. And the Supreme Court was extremely clear about that. Indeed, the predecessor Petitioner in McNeill lodged a complaint before exhaustion, asked the district court to consider it when he'd exhausted. When he had exhausted, he sent in the decision from the administrative agency and said, I'm sorry, Your Honor.  Are you saying, please, will you consider my complaint instituted now since everything that's required to trigger FTCA just isn't enough? Is this taking on the Valadez-Lopez ruling now? Is that what you're doing? I'm sorry, Your Honor? Are you now taking on the Valadez-Lopez ruling? No. No. Well, then I'm not understanding what you're saying. Are you – in fact, the complaint was requested to be filed, the amended complaint, after the six-month period lapsed, and it wasn't fact-filed. I mean, after the two-year, six months, and it wasn't fact-filed. It wasn't filed too early. It was possibly filed too late. So I don't understand what McNeill has to do with it. McNeill, well, you were asking, I believe, why it couldn't relate, why the filing date couldn't be the date that the motion was filed. And the answer is that it's too early under McNeill. That's exactly right. Well, all right. The date that was requested to be amended as of – it was a request to amend it as of a date after when it wasn't too early anymore. Again, that's controlled by McNeill. Because the Petitioner in McNeill asked for the same kind of relief. He lodged a complaint, and he asked the district court, you know, can you hold this complaint, and then once he'd exhausted, he said to the court, I've exhausted. Please consider this the filing of my complaint. And the Supreme Court said no. The Supreme Court said you have to take the act. The plaintiff has to begin the action during that six-month window. And that's McNeill's complaint. But McNeill deals with a different statute, does it not? I realize you're analogizing, right? Right. Here we've got, I think, at least four circuits that say this is not jurisdictional and equitable tolling applies. We've got three, if you include ours, say that it is. And we've got a split in hours. So in effect, aren't we dealing with a tabula rasa here as far as this particular statute is concerned? Well, Your Honor, for one thing, there's two limitations period. I'm not aware of any court of appeals that's held that the six-month limitations period that we're talking about here can be equitably tolled. I believe that the ones that find equitable tolling generally do it for the two-year period for filing the administrative claim. I'm referring to Hughes out of the third, Warner out of the sixth, McCall out of the seventh, and T.L. X. Rel. Ingram out of the eighth, all of which refer to this statute and the six-month period, I believe. Well, I may be wrong on that, then, Your Honor. But, I mean, and you're correct that there is some, definitely some disarray among the courts of appeals, but I don't think any of the cases presented quite this issue with the equitable tolling. And I hate to harp on about it. Well, let's take our circuit, then. We've got Marley and Alvarez-McKean, which are at odds, right? That's absolutely correct. One of them has got to be wrong. Right. Well, assuming that this is, in fact, an equitable tolling case and not a fairly simple application of McNeil, which I really would urge the Court to read very carefully because I think it is controlling here. Could you speak up a little bit? I'm having trouble understanding you. You're not articulating very clearly. I'm sorry, Your Honor. Is that better? I'm having trouble understanding your argument about why this is like, why this is an application of McNeil. So maybe you can do that first and then go to Judge Smith's question.  I will because it's important. As in McNeil, in this case, plaintiff filed a complaint, a motion in this case and the actual complaint in McNeil, asking the district court to hold the complaint and lodge it at some time point. Well, let me ask you. I mean, you're taking inconsistent positions because, as I understand your main position, you said they weren't holding any complaint. There wasn't any complaint. The complaint had not begun this action with regard to the FGCA. Well, that's correct. But that was true in McNeil, too. I mean, but plaintiff makes a filing before exhausting. But it's different to do a lodging and a motion. A motion requests action, and it can ask action immediately. It can ask action en protente. Just filing it is just putting it with a court that's not making any kind of request for action. The two things are different. No, that's correct. But if plaintiff had even filed the motion within the 6-month window, I think we wouldn't be standing here now. It's not necessarily actually by the court, but by the court. I don't know about that. I've seen the United States argue. Anyway, you're right. You're right. Civil division, right? Yeah, it could happen. I don't know. Why does it matter if he filed the motion within the 6-month window? He asked for a date within the proper period. Right. But, Your Honor, that's the same as – that's almost the same as McNeil. But it's not. This is not horseshoes. Almost doesn't mean it's the same. Filing a motion, filing a request for action is different from just putting something into the clerk of the court. You know, they're just different animals. So sometimes courts can't do things instantaneously. So lawyers will file something and say, we want something as of today. We realize there's notes and comments and notice to the other side. The court can't act today, but we want something dated today. Now, I realize he didn't quite do that, but it's at least theoretically possible for a court to have such a request and act on it. But the statute says that the action has to be begun. So I tend to – yeah, our position is that – But that's what gets us to Judge Berzon's question. What does begun mean? Why isn't the filing of a motion saying I seek to amend the complaint as of today? And it didn't quite say today, but, you know, as of a specific date. Why isn't that the commencement? He's asking a court to take the first step for leave to do the first step to file. Why isn't that the commencement? That's not the commencement because it came before exhaustion in this case, at the time that that step was taken. And I'm going to agree with you, Your Honor. If that step had taken within the 6-month period, it's our position that that would have been enough. But it wasn't. I can't see what possible difference it makes if the request asks the court to do something that's within the proper period when he actually filed it. Well, that's where McNeil comes in. So in other words, your position is that if he had filed the request to amend the complaint and had filed it after the 6-month period started to run and everything else had happened the same way, that is, it hadn't happened, the complaint was not literally filed because the court never got to it, you're saying you would say that that was okay? Yes, because for the reasons that you've given, that the motion in some sense under the cases would count, because the plaintiff isn't necessarily chargeable with the court's process in doing it. The problem here is that plaintiff took no action within that 6-month window and evidently could have done. Either could have filed a separate complaint, could have refiled the motion, and plaintiff was well aware that the 6-month period was running. You know, I have trouble with the position as you have now articulated it, because as I understand it is, if the motion to amend the complaint had been filed after the 6 months, you say that would have been all right. No, no, no. Within the 6-month period, Your Honor. It has to be within, it has to be after the 6 months started to run. I'm sorry. Correct. I'm sorry. After the 6 months started to run, that would be okay even if the motion to amend had not been granted until after the expiration of that period. Is that your position? Correct. Okay. Now, if that's so, I have trouble understanding it because it seems to me that a motion to amend the complaint is a continuing motion. I mean, it's there on the table. So that is not as though the motion is invalid all of a sudden. It's valid throughout the entire period. Your Honor. And the judge finally asked for it, but it wasn't, maybe it was filed before the complaint could have been filed, before the complaint could have been filed, but the motion is still, it's not invalidated. It doesn't disappear. But Your Honor, McNeil clearly, clearly said that the FCC. When lawyers say clearly, it means it's not clear. All right. I mean, I have my handy dandy copy of McNeil. McNeil says this is the period that you have to begin the action in. Beginning the action is not a difficult term, and the statute has to be applied just the way it's written. And that's why. Let me finish. The magistrate judge granted it, right? Correct. Or recommended a grant. And what happened next? What happened next was. The government objective, right? The government objective, but not on grounds that it was untimely because. No, no, no, no, no, no, no, no. You're not telling a story. I just wanted to know the sequence. So what happened? Did the plaintiff file anything in response to the objection? I'm sure they did. Why isn't that it? Was that within the limitation period? This is then the petition to the district court, right? There's a judge, MJ's recommendation. Correct. And then the parties go before the district court. Why isn't the opposition to the government's objection itself an action before the court taking within the power period? Oh, because, Your Honor, I don't believe that would qualify as beginning the FTC action under the. You see, filing a motion would be, but then. Right. But filing the motion, as you say, you ask the court to take action, and the action you want is please file my complaint and begin my FTC action. Isn't that what happens when you go to the district judge and they say please file the motion, just like the magistrate said? No, Your Honor. The objections were to other issues that the United States had raised, because the United States didn't continue its objection that it had at the time to the filing of the FTCA complaint. At the time that the magistrate judge's recommendations that the we were objecting to the magistrate judge's recommendations, the complaint hadn't been filed and it wasn't too late. So obviously we didn't object to that. The objection was to the notion that you could even file an FTCA complaint by amendment rather than by beginning a new case. And that's what Valadez-Lopez has now answered that for us. I'm troubled by your characterization of McNeil, because my understanding is in McNeil the issue was the exhaustion requirement in that case had not yet been completed and you had to wait at least 6 months for the claim to be denied prior to filing the FTCA claim. And in this case, the administrative claim has been exhausted, right? You're not questioning that, are you? No. It was exhausted on December 3rd. So we're really, you know, we're dealing with apples and oranges here, aren't we? McNeil deals with an entirely different aspect of this statute, doesn't it? Your Honor, I can't agree. McNeil does deal with the presentment requirement, but McNeil exhausted.  But the question that the Court dealt with there was the exhaustion requirement and waiting for the 6 months after that period prior to filing the FTCA claim. Am I wrong about that? Well, McNeil waited longer than 6 months. I understand. But the Court was dealing with that 6-month period after exhaustion. It hadn't exhausted yet. I don't think I agree with you, Your Honor. Okay. I thought the problem with McNeil was that he filed or lodged before the 6 months had run. Correct. Right. So it wasn't because he hadn't finished exhausting, as Judge Smith says. Correct. Just like in this case. But then he then – but there was no pending case at that point, right?  And he said sit on this complaint until it's timely, essentially, is that what he said? That's right. But it doesn't make any difference because McNeil says that in order to institute an FTCA complaint, an FTCA case under the statute, you have to finish all the exhaustion part before you can begin your action in court. And that's – See, my only complaint about what happened here is he should have waited 5 more days before he filed his motion, and then it would have been fine, whatever the number of days were. Right. Whatever the number of days is. They have to finish exhaustion. If they'd waited until – because what happened in the end was that the agency did the right thing. And your concern is not that the complaint wasn't filed yet. You're agreeing that the motion to file the complaint was good enough. If it had been within the 6 months period, I would have said so. That was my question because I thought maybe I misheard you earlier about the government's position. So is your position that a motion, if made within the 6-month period, is sufficient to start an action and one doesn't need to actually start a separate action? Right. Well, Valadez-Lopez tells us that we don't – that you don't need to have a whole separate action, that you can file by amendment. Obviously, plaintiff is not really chargeable with the court, the time that the court takes to rule on the motion. So if plaintiff moves to amend the complaint to add the FTC action and it's consistent with Valadez-Lopez and does that within the 6-month window, that would be enough. So let me ask you a question, moving things slightly broader. The case has mostly been argued on a broader equitable tolling issue. Correct. Which ultimately turns on a question of congressional – of rebuttal of a presumption based on congressional intent, if that's what we were looking at. Now, do we do that on a gross basis, or do we do that on a specific basis? In other words, should we be saying if Congress was faced with this situation, would it mean – would it have meant to preclude the amended complaint, or do we have to answer the question with regard to every variety of equitable tolling that could possibly exist? I think you have to look at the – look at it the second way, in a global way. Why? Why? Because in this case, the statute is jurisdictional, and sand and gravel tells us that the class of jurisdictional statutes Congress did not intend – it wasn't looking specifically at specific claims and the defendant's right to be fair. Are you arguing this is – this was questioned before. Are you arguing that it was a jurisdictional statute, or are you arguing that it's a mandatory case-filing statute at – which is not – which can't be tolled? We're arguing that it's jurisdictional, but if Your Honors determine that the Owen presumption applies and it's not jurisdictional, we also argue that, for very much the same reasons, that it can't be equitably tolled. For example, the court in Sebelius of Auburn Regional, when it just held that an administrative provision couldn't be equitably tolled, looked at very much the same factors. It looked at the language that the agency had used and said it was in no uncertain terms. But what were the reasons they were seeking to equitably toll it there? I'm sorry? Was that the case where they were just one day late because they were just late? No, Your Honor. But, no, but I think here there wouldn't be equitable tolling because I haven't found a single equitable tolling case where it was entirely within plaintiff's power to correct the situation. But I'm not sure that I'm answering your question. The way it would be within the plaintiff's power to correct the situation was by filing a separate lawsuit. Right. Correct. That was the only way. Other than that, they were – they made perfect and reasonable motion, and they're waiting for it to be decided upon. Or you're – in your view, he should have – he could have also waited a little longer and then filed another motion to amend? Correct. Is that your position? Correct. Or have refiled the motion within the period, or have filed a separate complaint, or have asked the court for expedition. I mean, there are a number of things that could have happened. But I would like – Can I – I just want to follow up a little bit. Because you said the magistrate judge recommended granting leave to amend. Correct. And you didn't object. We didn't object to that portion of it. Right. Correct. We objected to other things. Right. But you didn't object to the magistrate judge granting leave to amend. Correct. And why not? Why not? Because at that point, you know, we had objections to other things. And the claim – and please, I'm going to be really clear about this. We did not say it's okay if you file untimely. The issue at that point that the government didn't object to the magistrate judge's ruling on was whether there had to be a whole separate complaint or whether the claim could be added by amendment. But that was a – I mean, you could have objected to the magistrate judge's ruling, but you didn't. And you never amended your response or objection after it would have been untimely. Is that correct? But, Your Honor, we – the government never agreed to an untimely filing, ever. I know you didn't. There's no sense in which the government ever said, oh, you want to file this out of time and we don't object. That's simply not what happened. And they knew that there was a six-month deadline running there. The only thing we did – Well, but you had to presume that that – that the plaintiff would be able to amend based on what the magistrate judge recommended, and you were silent. Right, provided that the amendment took place within the six-month period. But when it didn't, did you amend anything? Well, Your Honor, it's not our obligation to amend anything. I mean – Did you ever amend on the ground that you're now – object on the particular ground that you're now relying on, i.e., that the original motion wasn't filed within the six-month period? Yes. Yes. We objected to that and we objected to the notion that you could do it by amendment at all. We did not object on grounds of timeliness because there was no – it wasn't untimely. So we – you know, it wasn't until – But when the magistrate judge ruled, was that within or after the six-month period? The magistrate judge ruled during the six-month period. And it was a district judge that was there. The district judge ruled after the six-month period, which then allowed the plaintiffs to file their complaint, although I must say they didn't do it for yet another six weeks, which is another reason that equitable tolling shouldn't be part of it. Can I change from the timing to the sovereign immunity issue? Yes, Your Honor. Last term, the Supreme Court decided Cooper v. FAA. Does that have any bearing at all on whether this statute should be construed in the way the government contends? Your Honor, I have to admit that I have not read that case in preparation for this argument. I would love to talk about sovereign immunity, however. Oh. One of the government's favorite topics. And in the context of this case, it's really important to remember – You don't talk about it at dinners, though, do you? I'm not going to answer that question, Your Honor. I'm going to take the fifth on that one. But I will say that occasionally my husband will ask me, was there jurisdiction? But the sovereign immunity issue, John R. Sand and Gravel in 2008, well after Irwin, noted that the fact that a limitations period acts as a waiver on the sovereign immunity of the United States can be an indicator that the statute of limitations is serving some purpose other than simply saving the United States from particular stale claims. And one of them is to limit the immunity of the United States. And the FTCA has always, for a very long time, been understood to be a jurisdictional type of statute, all of the exceptions. But, counsel, the jurisdiction for the FTCA is found in 1346b. Correct. 2401 is a little bit different. There's no mention of jurisdiction or courts there. So what's the government's conception of what 2401 is? Is it a statute of limitations? Is it an exhaustion requirement? Is it a waiver of sovereign immunity? Is it all of those things? Is it something else? It's a – among other things, it's a limitation on the waiver of sovereign immunity because it explains how you have to bring the – how you have to file your claim to in order to, you know, invoke jurisdiction under the FTCA. And insofar as the jurisdictional concept still exists in this area, it seems like you're on particularly weak ground because there is another statute which specifically does talk about jurisdiction and it doesn't have the time limit in it. Right. But, Your Honor, as we pointed out in our supplemental en banc reply brief, when the statute was first enacted in 1946, the limitations provision was, in fact, in the jurisdictional part, and when it says subject to this, you know, subject to the requirements of this title, at the time of enactment, that included the limitations provision. But it doesn't now. No, but the only reason it doesn't is because in the 1948 recodification, it was put in a different section. And it's not – it's not actually in the Federal Tort Claims Act now. The 2401 is not actually part of the Federal Tort Claims Act, right? It's a more general – it's in a more general provision, haven't you? No, no. Limitations provision in general. No, it's the Federal Tort Claims Act, Your Honor. May I ask you a question? Yes, please, Your Honor. Now, there was a request for leave to a man that was filed. I don't have the exact date, but it was in November of 2001. Is that correct? That's correct. There were two of them. Now, let's say the judge hadn't sent it to a magistrate, but had heard the argument and looked it over and said, okay, I'll sign the order. Would there have been a statute of limitations problem? When they signed the order, they got the amended complaint, they filed it. That would have been a problem, Your Honor, because they hadn't exhausted at that point. So that would have been ineffective under McNeil to invoke the jurisdiction of the court under the FTCA. That's a 60-day period. Well, the period didn't start running until December the 3rd, Your Honor, when the INS denied the claim. So anything that – if the judge had done something in November of 2001, it wouldn't have been effective to begin the FTCA claim. So what indice in terms of – Well, it went. So they needed to wait that time, huh? A period. Whatever it was. 60 days. Yes. Six months from December the 3rd. And then the end of the period was June the 3rd, Your Honor. And during that time, nothing was filed. Nothing happened that counted as the action being begun. And under McNeil, it means that the action was not begun. So what indice – So tell me why that 7 months and 25 days that it was sitting around with the magistrate judge and then went to the district judge, and it was granted, why that – why that period shouldn't be the tolling period? Well, Your Honor, we don't believe that tolling is available at all under the FTCA. I believe it is. Now, let's say that it is. Would that have been tolled? Well, the magistrate judge held that the period was tolled from the period when she said that the complaint could be filed until the time the district court allowed it to be filed. And we believe that that's not a correct ruling, Your Honor. All right. What are the indices? But you haven't – if you answer my question, Marcia, you know, you've been talking a long time. I got some questions, too. I don't understand why that period doesn't save this case. Well, Your Honor, I think that's what the magistrate judge believed also. And it could be that we simply have a fundamental disagreement because it's the position of the United States that there is no equitable tolling. Well, let's assume there is equitable tolling. Well, Your Honor, if I have to assume that there is equitable tolling in order to answer your question, I think probably the claim would be safe. Okay. That's all I want to know. All right. Thank you, Your Honor. I have a note here. You said that if the plaintiff had moved to amend within the six months following the denial of the claim, then that would have been sufficient. If, yeah, if that motion had been filed in the six-month period, because of the cases that say that, you know, that allow you to look to the non-proton case, I'll let you say it was filed as of the date that you moved. But if it were filed within the six months following the denial and it were granted, would not the date of commencement of the action go back to the earliest date before there had been any administrative claim filed? I'm not sure I'm following your question, Your Honor. If it were filed within the six months after the denial of the claim, then would it not relate back to the beginning of the lawsuit, the original filing? No. Under Valadez-Lopez, it says in this context that the new complaint comes in and it would allow the new complaint to be filed and the original complaint would just drop out, and that's why it would be the – that's why it would amount to the action being begun within Section 2401B. Even if the filing of the new complaint were barred by the two-year statute of limitations? Well, it wouldn't be barred by the two-year statute because that statute governs when you file your claim with the administrative agency.   I've got you. Your Honor, may I get to your question? All I want to know is, you began at one point trying to tell us what indices you would look at in this statute with regard to rebutting the assumption that this was an equitably tollable claims filing. Correct. And you began by saying because there was a waiver of sovereignty and immunity, but that can't be the answer because that was true in the original Irwin case. Right. So what else? Okay. I would like to just say that nothing, if you look at the Supreme Court's cases, particularly if you look at the dissents in Bowles and in the Sand and Gravel case, there are lines of authority going pretty much both ways. But if you look at what the Court actually does and what it actually looks to in the It looks very carefully at the statutory text. And here we have the forever barred language. And Congress really couldn't be much more explicit than that. It also looks at context. It looks at things like whether the context of the statute is one that's historically solicitous of claimants. For example, in Henderson v. Shinseki and in the Bowen case, the Court was careful to point out that these were areas in which it weren't like traditional civil litigation. They were areas where there was solicitude for claimants. And that favored tolling. Here we have the opposite. It also looks to whether there's an administrative burden going to be posed on the government. For example, in Brockhamp, the Court said Congress, you know, there are so many tax refund claims. Congress was just very careful to give the government, you know, sturdy statutory protection, and that's what that statutory protection was about. But this is just a windfall for the government. It happened that the judges were slow. In terms of notice and every other usual criteria for a statute of limitations, you certainly had it. Your Honor, you could say that any time a statute of limitations is a bar. I'd refer you to Kubrick, which says a statute of limitations is full of the public interest that in some cases Congress has said this is the balance that there's going to be. And McNeil's the same. Here's the statute. Here's what it says. You just have to comply with the statute. Can you ask the magistrate judge who ruled, would the complaint have been allowed to file? You didn't object to the part of the ruling that allowed amendment of the complaint. We did not object to the part of the ruling that allowed it. You don't have to repeat my question. Just say yes or no.  I'm not quite sure whether my answer's going to be correct. You did not object. The magistrate judge allowed amendment of the complaint. And you didn't object to that. Right. There are a lot of things going on, though, Your Honor, because we did object. Stop, stop, stop. Just stop. I'm not sure it's true, though. I want to give you a correct answer. You didn't – could the – I'll give you the question. Could the – at that point, could the plaintiff have filed a complaint? Sure. Sure. They could have filed a new FTCA complaint. No, no, no. Without even worrying about any of it. Could it have acted on the magistrate judge granting their motion to file an amendment? Could they have filed it? No, because – no, the magistrate judge didn't have authority because it had to go up to the district court judge because there were objections. But there was – So the objection blocked all of the district magistrate judge's ruling. I believe so, Your Honor, yes. Including the part that you didn't object to. I think that's right, yes. See, you answered my question. You didn't have to give me a long story. Yeah, I don't want to give you inaccurate answers, though, Your Honor, and there were lots of objections to different parts. I wasn't clear. Does any of that bear on my question? Could they have filed an amendment right then? Does any of that have any bearing on it? No. Okay. I apologize, Your Honor. Okay. Thank you. Thank you. You have lots of time to throw a bottle if you want to take it. You know, the real bravado would say, I have nothing to say. I have a few things to say. Okay. I have not read the Cooper case. I don't know what it's about. Findings and recommendations do not constitute an order or leave of the court. So I agree with the government that without Judge Jones's formal order adopting the findings and recommendations as to the timings. So what did you file? The government files objections, and you filed what? A response opposing the objections. Okay. But there was no objection about this. None about this. So you did have a filing seeking the amendment of the complaint after the magistrate judge. It was your response, right? We didn't respond at the time to this argument because there were no objections to that. Right. But you responded to the government's objection to the magistrate judge's report. Other issues that they raised, my objection. What's your position on the sovereign immunity point? There are obviously other cases that have been cited, but Cooper is one of a number of recent cases Supreme Court has decided where they made it clear that unless Congress has been unequivocally clear that you can't dig into the pockets of the Federal Government under something like the Federal Court Claims Act, here at best we have an ambiguous situation. It's not clear. We've got splits in the circuits and the like. Under those circumstances, how can we construe this statute in a way that would allow the your client to dip into the pocket of the government? Because of sovereign immunity is the question. Yeah, that's what I'm trying to get at. Well, Erwin, which the government takes issue with, is having any bearing address that question. It's said in so many words that sovereign immunity amounts to a waiver. And what it said was that in terms of the waiver, that although it's a broadening of the congressional waiver, if you allow equitable estoppel, they didn't believe it was enough of a change to further the waiver in any way that it made any difference. And so they took the position that you could have equitable estoppel, which is why they extended the rule. Have you read Cooper's version? I have not. Okay. And there was a more recent one dealing with the Fair Credit Reporting Act that also construed, in this case, the meaning of the word actual damages, and they wiped that out as well on the basis that it was ambiguous and therefore not unequivocal. We've got two fairly recent Supreme Court cases that seem, at least to me, to cut against your argument, and I'm not sure that Erwin solves the problem. Can you help me in any way on that? I can't without reading those cases. Right. Well, I think the Supreme Court has been very, very clear in trying to keep the courts away from, using their words, conducting drive-by jurisdictional decisions. And that's what it's done in many instances, at least in reflecting back. That's the sense I get from reading the more recent decisions. And they're very clear now that if that congressional intent isn't there. With regard to limitations periods in particular. Yes. And other matters, too. Just across the board. Anything that is being argued as a prerequisite to. Well, I thought that Erwin, and that's why I think that the cases being discussed may be inapposite, was specifically about the fact that claims filing kinds of rules, particularly limitations periods, are different than other kinds of substantive rules with regard to sovereign immunity. Well, I think Erwin addressed that issue specifically by talking about it and saying that it didn't believe that there was enough of a difference to make it more or less of a waiver than otherwise the government already agreed to. I will have to say that I was flabbergasted to hear the government say, because I have not heard it in 11 years now or 12 years since we've been arguing about this issue, that had we simply filed the motion or refiled the motion within that 6-month period following the claim denial on December 3rd, we'd have been timely. This is the first time I've ever heard of it. We're making progress already. I'm sorry, what? We're making progress already. I, I, I. So I was wondering why your opposition to their objection isn't the equivalent of that, because that's when you're really asking this to court. Well, and I've got. For a, for, I mean, the other thing was the magistrate's recommendation. But at that point, you oppose their objections. That strikes me as being the motion to this Court saying, I really do want to file a claim. Well, and I actually went back during my break, and somewhat embarrassingly, when I look back at Section 2401B where it talks about this issue, it doesn't use language, a civil action file or something like that, which you often see. It simply says, unless action is begun. And to be honest with you, I don't know what that means. It could well mean simply filing a motion. It could mean the continual. Well, the government has said as much. Yes. And now we're quibbling about whether or not filing an objection, opposition to the objection is the equivalent of filing a motion. It seems to me the, the gap has narrowed considerably. Or the motion that was filed. Do you guys want to just go and settle this case? We have a great mediation office. Or the motion that was filed in November that was continuing. I don't know why that isn't in effect. That was the Judge Fletcher theory, right? Yes. You probably can't tell us apart, but I'm pretty sure that was Judge Fletcher. That's right. Can you tell us the date that your response was made to the government's objection to the Magistrate's report? That is to say, was your response made within the 6-month period? I'm sorry. I'm relatively certain. I don't have it on my timeline here. We can find it out, of course. It's in the docket, I know. The government filed its objections on April 26th. I'm fairly certain within 15 or 30 days, so it would have been before June 3rd, that we would have filed our response to that. And at that point, you had a motion on file to amend along with the proposed amendment? Yes. Is that correct? Yes. So if, in fact, that had been granted, let's just say it had been granted within the period or even if the motion had been filed, would you have needed to do anything more because you had the proposed amendment on file? Well, it's not on file. Well, in other words, it's part of your proposed motion, correct? Yes. It was attached to the motion. And I don't think it technically is. But when you filed your motion to file the amended complaint, I assume that you attached to that motion the proposed amended complaint. Absolutely. So the Court had that amended complaint then as soon as your motion was filed. Right. So, and let's just say that, taking the government's view, you had filed your motion within the 6 months and it had been granted. Then, in fact, the motion would be granted and the amended complaint would be on file because it had been part of your motion, correct? Yes. The last point, unless there's questions. Just returning briefly to the analysis, again, I think the Supreme Court requires the Court to engage in if it's going to look at the question of jurisdiction, and that is you need to look at the operative statutes. And 1346 is the statute that explicitly talks about exclusive jurisdiction being conferred on the district court. That's in Chapter 85 of 28 U.S.C. You go to Chapter 161 and you find standalone a limitation section in which the statute limitations appear. That's 2401 sub D. And there's the 2-year period in which you have to file the administrative claim and there's the 6-month period where you have to file or not file, you have to begin the action. And then thirdly, there's another section that's actually part of the tort claim statute that addresses procedures inside of that, which has to do with presentment of the claim for purposes of exhaustion. So there's no jurisdictional language anywhere but in the exclusive jurisdiction language or statute 1346. And the way I read the Supreme Court case is that's the key element in deciding whether or not it's jurisdictional versus a claim processing rule. And in fact, this Court, in its leasing and pain, which we cite, conducted that same kind of, maybe not pain, but certainly leasing, extensively conducted the same kind of analysis that the Arbaugh Court first set out in terms of this bright line. You've got to look at congressional intent. Going back to what I said an hour ago, that's what this case is about in terms of the jurisdictional portion. And the government, I don't believe, has carried its burden of rebutting that presumption. Okay. Thank you. In case you saw your staff's note, we are adjourned. All rise.
judges: Kozinski, Pregerson, Tashima, McKeown, Fletcher, Berzon, Clifton, Bybee, Bea, Smith, Murguia